**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3559
_____

YAN FANG CHEN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from the Board of Immigration Appeals
(B.I.A. No. 078-719-826)
Immigration Judge: Hon. William Van Wyke
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 16, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, and GREENBERG, Circuit Judges.

(Filed: August 21, 2017)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

　　Yan Fang Chen petitions this Court for review of a decision of the Board of

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. We previously remanded this petition, in part, for the BIA to identify evidence favorable to Chen and, if the BIA rejects the evidence, to explain why it did so. Chen v. Att'y Gen. of U.S., 635 F. App'x 61, 63 (3d Cir. 2015). Because we are unable to discern why the BIA rejected evidence Chen asserts supports his claim, we will again grant the petition and remand to the BIA for it to explain why that evidence does not show a material change in country conditions sufficient to reopen his removal proceedings.

I

Chen is a father of two children and native of Qingqiao Village, Heshang Town, Changle City, Fujian Province in the People's Republic of China. Chen illegally entered the United States in 1999 and sought asylum because his wife was allegedly forced to have an abortion and he feared that if he returned to China he would be persecuted based on his opposition to the country's family planning policy, which restricts the number of children families can have. In 2002, the Immigration Judge ("IJ") denied Chen's application for asylum because he found that Chen's testimony was not credible. In 2003, the BIA agreed and dismissed Chen's appeal.

In 2013, Chen filed a motion to reopen and stay his removal because China allegedly increased its use of coercive methods, including forced abortions and sterilizations, to enforce its family planning policy. The BIA denied Chen's motion because he failed to demonstrate a material change in China's country conditions and

2

show that it was more likely than not that he would be subjected to sterilization upon returning to China.

Chen petitioned for review. Because the BIA's opinion did not reflect meaningful consideration of the evidence Chen submitted, we granted the petition and remanded to the BIA with instructions to: (1) consider "province-level evidence, which may corroborate Chen's claim of enhanced enforcement and substantiate [Chen's] fear of forced sterilization" and, if such evidence exists, explain why it does "not warrant reopening the proceedings," id. at 64; (2) offer substantive commentary on whether "the documents from Chen's home city" corroborate Chen's claim "and, if so, why they do not warrant reopening the proceedings," id.; and (3) fully consider the Congressional-Executive Commission on China ("CECC") reports in the record, rather than selectively cite to the portions of the report that bolster the BIA's ultimate holding, id.

On remand, the BIA found that the evidence Chen submitted reflected continued restrictions and enforcement actions against those who violate China's family planning laws, rather than a material change in the enforcement of those laws, and denied Chen's motion to reopen. Chen petitions for review.

3

II[1]

A motion to reopen must be filed within ninety days of the final order of removal. 8 C.F.R. § 1003.2(c)(2). A movant may be relieved of this time bar if he shows "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Chen filed his motion to reopen outside the ninety-day deadline. Therefore, to obtain relief on his untimely motion to reopen, Chen must provide the BIA with new, previously unavailable material evidence of changed conditions in China. Here, the BIA concluded that the evidence Chen submitted reflected "continued" enforcement actions, rather than a material change in those actions, and as a result, denied the motion to reopen.

The BIA has broad discretion to grant or deny such motions. INS v. Doherty, 502 U.S. 314, 323 (1992). When evaluating the BIA's decision on a motion to reopen, we examine whether it meaningfully considered the evidence and arguments presented and will reverse only if its decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). To show it meaningfully evaluated the evidentiary record, the BIA's opinion must indicate that it considered evidence favorable

---

[1] The Board had jurisdiction to review the motion to reopen under 8 C.F.R. § 1003.1. We have jurisdiction pursuant to 8 U.S.C. § 1252.

4

to the movant, and if such evidence is rejected, provide an explanation as to why.  See

Zhu v. Att'y Gen., 744 F.3d 268, 275-76 (3d Cir. 2014).

The BIA's opinion does not demonstrate that it considered evidence that could be

favorable to Chen.  For example, the affidavit from Jin Fu Chen discusses male

sterilization, a harm to which Chen could be subjected.  See Lin-Zheng v. Att'y Gen., 557

F.3d 147, 157 (3d Cir. 2009) (concluding that individuals are "eligible for relief in their

own right under the specific language of [8 U.S.C.] § 1101(a)(42), provided they qualify

as a refugee based upon their own 'persecution.'").  Without an explanation from the

BIA, we do not know why the BIA failed to cite this evidence.[2]  Moreover, the BIA's

opinion cites 43 exhibits spanning 480 pages to support the proposition that enforcement

of the family planning policy in Fujian Province has not changed.  However, these

exhibits include documents suggesting that there have been fluctuations in the

enforcement policies.  See, e.g., AR 164, 297.  The BIA did not explain why it cited these

exhibits to support its conclusion that there was continuity in Fujian Province's approach

to the enforcement of the family planning policy when these exhibits may show

something different.

---

[2] The BIA hints at a view that some of the arguably favorable evidence reflects anecdotal, episodic, or sporadic enforcement, but it does not explicitly state that it rejected the evidence on this basis.  App. 7 (finding "some incidents of coercion to meet birth targets in some areas of China," "occasional abuses of power by some government officials in the enforcement of the family planning policy," and "initiatives to promote compliance have been undertaken from time to time").

While we express no opinion as to whether these or any other documents in the record evidence a materially changed country condition, the lack of an explanation prevents us from determining whether the BIA acted in an "arbitrary" or "irrational" manner. Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008). In short, because the BIA did not provide such an explanation—be it because the evidence is not authentic, embodies anecdotal evidence, reflects sporadic enforcement, addresses a timeframe or province that is not relevant, simply publishes existing policies but does not reflect a change in the severity of actual enforcement, reflects recurrent activities that existed at the time Chen initially sought relief, is outweighed by other evidence, or for another reason—we are unable to evaluate whether the BIA appropriately exercised its discretion in denying the motion to reopen. Id. We will therefore again remand to the BIA for it to explain why it rejected evidence favorable to Chen's argument that there has been a material change in country conditions. Of course, the BIA need not provide an analysis of every piece of evidence in the record, see Zhu, 744 F.3d at 275-76, but its analysis must demonstrate that it did not ignore portions of the record that may be favorable to Chen, see id. at 272.

We express no opinion on the merits of the motion.

### III

For the foregoing reasons, we will grant the petition for review, vacate the BIA's order denying the motion to reopen, and remand to the BIA for further consideration consistent with this opinion.

6